## Commonwealth v. Abney

*Paul R. Michel,* for Commonwealth.

*George Abney,* p.p., for defendant.

LEVIN, J., May 13, 1969.—Petitioner has assigned but one reason in support of his petition for relief, "The abridgement of a right guaranteed by the Constitution or laws of this State or the Constitution or laws of the United States . . ."

In paragraph 4 of his petition appears his recital of "facts" giving rise to this "abridgement," viz.:

1. He was "denied the equal protection of state law" because at the time of sentencing and thereafter, "he was not aware that he had a right to petition . . . for reconsideration of sentence," and that neither his counsel, the court nor the Commonwealth informed him thereof.

2. Not having been informed of the date of sentence by any "responsible state official" in time to contact his "wife and other individuals" to offer matters in mitigation of sentence, nor aware that he could, and ignorant of reconsideration procedure and its time limits, he was "denied the only opportunity to present matters in mitigation of sentence."

3. That the presentence report was not sufficiently "exhaustive" to "better allow the court to treat this situation."

4. In any event, he has mitigating factors to present and seeks a "nunc pro tunc reconsideration" of his sentence.

To this petition the Commonwealth filed a "preliminary objection" on the ground that petitioner failed to

allege such facts as entitled him to relief and praying that we order him to amend his petition so that particularization of his facts would demonstrate his right to relief.

Since we are denying the petition, and deem it beyond redemption and utterly lifeless, the Commonwealth's "preliminary objection," being bottomless, falls of its own weight.

As backdrop for our opinion, some history of this case is in order. On December 4, 1968, petitioner, represented by counsel from the office of the voluntary defender, entered plea of guilty to two indictments charging aggravated robbery: 1506 of February Sessions, 1966, and 533 of October Sessions, 1968; and to one for carrying concealed deadly weapons, no. 532 of the latter sessions. Those pleas were preceded by a lengthy interrogation, in consequence of which it was clear that petitioner was fully aware of the consequences of his pleas. Moreover, when we stated that sentence would be deferred pending presentence and psychiatric reports, defendant sought and was given a full explanation of the nature and purpose of the presentence report.

Thereafter, on December 21, 1968, petitioner wrote us from his place of detention, urging either probation or a county prison sentence followed by probation. Among the reasons he advanced were: 1. He was still subject to back parole; 2. he had a wife and three children he wanted to return to; 3. he had a job waiting for him. We are attaching a photocopy of that letter as exhibit 1.

Later, on January 15, 1969, he again wrote us, advising of his awareness of his problem with alcohol, that he was attending school and group therapy classes in the prison; that except for his age, he had given the probation department a truthful history of his background. A photocopy thereof is attached, as exhibit 2.

On January 31, 1969, he appeared before us for sentence, represented by his same attorney. His attorney argued in his behalf for a reduction in the sentence recommended by the district attorney and concurred in by both petitioner and his attorney when the pleas were entered. Our statement prior to the imposition of sentence indicates rather clearly that we gave weight not only to the presentence information but the aggravated circumstances surrounding the crimes in question. Indeed, the sentence itself, an adoption of the original recommendation by both attorneys, could hardly have come as a surprise to the petitioner.

Finally, on February 3, 1969, petitioner wrote us from his new place of custody, seeking "some *reconsideration*" of this sentence, and setting forth the mitigating facts he wanted us to consider. In this letter, however, his concern was not for his "wife and three children" (see exhibit 1) but "another woman who has had *four* lovely children for me." (Italics supplied.) Further, he repeated his parole problem as an extenuating circumstance. Finally, and most pertinent to the basis of his present petition, he expressed his hope that we would "reconsider the sentence." We attach as exhibit 3 a photocopy of this missive.

These exhibits refute his claim that he was unaware of his "right" to petition for reconsideration of his sentence and that he was "denied the only opportunity to present matters in mitigation of sentence." In truth, not only did *he* present all his extenuating factors in exhibits 1 and 2, but his bete noir, back parole, was specifically argued by his attorney before sentence was imposed.

That he was not given notice of the sentencing date in time to contact his wife, so that she could offer mitigating facts, is a specious and almost perjurious argument, considering that she is living with and has 2 children by another man and that petitioner lived with

and had four (three ?) children by another woman. We dismiss this "fact" or argument of his petition out of hand, fortified by the presentence information provided by petitioner that his wife's whereabouts was unknown and that he was committed twice for nonsupport of the two children he had by her (in exhibit 2, he wrote that this disclosure was truthful).

"Fact" or argument number 3 of his petition avers that the presentence report was not "sufficiently exhaustive." We bury this with two comments: one, he had no way of determining whether it was or was not, since the contents (other than his own disclosures) were not made known to him; two, he is not entitled to know the contents of this report.

So much for both his recital of facts and argument in support of his petition. As to the law regarding his "right" to have his sentence reconsidered, the pertinent statute is that of the Act of June 1, 1959, P. L. 342, sec. 1, 12 PS §1032, which provides:

"In any . . . criminal . . . proceeding . . . the court . . . shall . . . have the . . . power, jurisdiction and authority to alter, modify, suspend . . . , amend or rescind, . . . judgment or sentence for a period of thirty days subsequent (thereto) . . ."

Unlike statutes and rules which give defendants the "right" to appeal or to file post-trial motions, the "reconsideration" statute set forth above is not couched in terms to grant any "right" or, indeed, any "privilege" to a defendant who has been sentenced. The grant is one of "power, jurisdiction and authority" to the court to alter or rescind its action, if it chooses to do so. The discretion reposed in the court is so comprehensive it need not even accept or consider any petition to alter, rescind or "reconsider" its sentence. In short, no one has a "right" to have his sentence reconsidered. He may supplicate only, and should

his plea fall on deaf ears, he has no redress except within the purview of his appellate rights.

Absent any such "right," a denial of reconsideration of a sentence may not be the basis of relief under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, for it does not fall within the 13 enumerated reasons one may draw upon to attack a sentence: 19 PS §1180-3(c).

In our judgment, the petition is neither appealing nor meritoriously appealable. Believing that the petition is a corpse, neither a hearing nor further particularity could resuscitate it, and we therefore enter the following

ORDER

And now, of May 13, 1969, it is ordered and decreed, that

1. The petition under the Post Conviction Hearing Act is dismissed without a hearing.

2. The petition of the Commonwealth to order amendment of the above petition is dismissed.